**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC ROUL, an individual, and ERIC ROUL, Trustee of the ERIC ROUL TRUST, | ) ) ) |
| Plaintiffs, | ) Case No.: 2:13-cv-01686-GMN-CWH ) |
| vs. | ) **ORDER** ) |
| GEORGE C. GEORGE, an individual, MICHAEL MATHIAS, an individual, and DUAL DYNAMICS, LLC, a Nevada Limited Liability Corporation, DOE INDIVIDUALS 1 through 10; and ROE CORPORATIONS 1 through 10, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Pending before the Court is the Ex Parte Motion for Temporary Restraining Order (ECF No. 6) filed by Plaintiffs Eric Roul, and Eric Roul as Trustee of Eric Roul Trust (collectively, "Plaintiffs").

**I.  BACKGROUND**

This case arises from a series of investments that Plaintiffs made in Defendants' allegedly fraudulent schemes. Specifically, beginning in March 2013 and culminating in August 2013, Plaintiffs made a series of investments totaling $860,000 with Defendants. On August 29, 2013, Plaintiffs learned that Defendant George "had been arrested for fraud and was in custody in Reno, Nevada." (Compl. ¶ 47, ECF No. 1.) Upon learning of Defendant George's incarceration, Plaintiffs informed Defendant George that Plaintiffs "needed all [the] money back immediately and that all deals were cancelled." (Compl. ¶ 51, ECF No. 1.) In response, Plaintiffs were told only that Defendant George "could get out of jail on bail if Plaintiff would put up another $75,000 for the bail." (*Id.*)

After Defendants failed to return Plaintiffs' money, Plaintiffs filed the instant lawsuit alleging fourteen causes of action: (1) Fraud and Deceit by Intentional Misrepresentation against Defendant George; (2) Fraud and Deceit by Negligent Misrepresentation against Defendants George, Mathias and Dual Dynamics LLC; (3) Fraud and Deceit by Suppression of Facts against all Defendants; (4) Constructive Fraud against all Defendants; (5) Involuntary and Constructive Trust against all Defendants; (6) Unjust Enrichment against all Defendants; (7) Money Had and Received (Indebitus Assumpsit) against all Defendants; (8) Conversion against Defendant George; (9) Accounting against all Defendants; (10) Claim and Delivery/Replevin against all Defendants; (11) Breach of Oral Contract against Defendant George; (12) Breach of Implied Contract against all Defendants; (13) Breach of Written Contract against Defendants George and Mathias; and (14) Injunctive Relief against Defendant George and his agents. (Compl. ¶¶ 53-116.)  In addition, Plaintiffs filed the instant Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction. (ECF Nos. 6, 7.)

In its Motion, Plaintiffs request an injunction "[r]estraining Defendants and any of Defendants' agents, affiliates, attorneys, managers, officers, employees, from any transfer, use, distribution, or other disposition of Plaintiffs Deposited Funds." (Mot. for TRO and Prelim. Inj. 16:4-6, ECF No. 6.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to

preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp.2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

### III. DISCUSSION

Here, the Court finds that Plaintiffs have failed to carry its burden of establishing a likelihood of success on the merits. In support of their Motion for Temporary Restraining Order, Plaintiffs state only that

> First, injunctive relief is warranted because Plaintiffs can show a likelihood of success on the merits of the claims alleged in the Complaint. (See generally Dkt. #1.) The Complaint alleges fourteen claims for relief, each of which are based on the material facts that Plaintiffs provided nearly $1 million in the Deposited

Funds to Defendants, with the promise that the Deposited Funds would be invested and Plaintiffs would be repaid and would earn profits on the Deposited Funds. Id.; see also Declarations of Roul and Miner (Exhibits 1 and 2 attached hereto). Because the material facts are supported by competent evidence which is largely indisputable, Plaintiffs can show a likelihood of success of the merits of their claims. Thus, the first Winter factor is established and the Court should issue a TRO and grant Plaintiffs' Motion.

(Mot. for TRO 14:1-9, ECF No. 6.) However, Plaintiffs' references to the Complaint and conclusory statement that "Plaintiffs can show a likelihood of success of the merits" are insufficient to satisfy Plaintiffs' burden under the applicable legal standard, as described in Section II, above. Specifically, Plaintiffs have failed to make a "clear showing" that they are entitled to the "extraordinary remedy" of injunctive relief. *See Winter*, 555 U.S. at 22.

Accordingly, because the Court finds that Plaintiffs have not met their burden of showing a likelihood of success on the merits or even serious questions going to the merits, the motion must be denied, and the Court need not address the remaining factors.

In addition, Plaintiffs' Motion for Preliminary Injunction, (ECF No. 7), is identical to Plaintiffs' motion for Temporary Restraining Order, (ECF No. 6). Furthermore, the same legal standard applies to motions for a temporary restraining order and motions for a preliminary injunction. Therefore, the Court also denies Plaintiffs' Motion for Preliminary Injunction.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Ex Parte Motion for Temporary Restraining Order (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction (ECF NO. 7) is also **DENIED**.

**DATED** this 17th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge