UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC ROUL, an individual, and ERIC ROUL, Trustee of the ERIC ROUL TRUST,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>GEORGE C. GEORGE, an individual, MICHAEL MATHIAS, an individual, and DUAL DYNAMICS, LLC, a Nevada Limited Liability Corporation, DOE INDIVIDUALS 1 through 10; and ROE CORPORATIONS 1 through 10,<br><br>　　　　　　Defendants. | Case No.: 2:13-cv-01686-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion to Reconsider the Court's Order Denying Plaintiff's Ex Parte Motion for Temporary Restraining Order (ECF No. 10) filed by Plaintiffs Eric Roul and Eric Roul, Trustee of the Eric Roul Trust (collectively, "Plaintiffs").

**I.    BACKGROUND**

This case arises from a series of investments that Plaintiffs made in Defendants' allegedly fraudulent schemes.  Specifically, beginning in March 2013 and culminating in August 2013, Plaintiffs made a series of investments totaling $860,000 ("Deposited Funds") with Defendants.  On August 29, 2013, Plaintiffs learned that Defendant George "had been arrested for fraud and was in custody in Reno, Nevada." (Compl. ¶ 47, ECF No. 1.)  Upon learning of Defendant George's incarceration, Plaintiffs informed Defendant George that Plaintiffs "needed all [the] money back immediately and that all deals were cancelled." (Compl. ¶ 51, ECF No. 1.)  In response, Plaintiffs were told only that Defendant George "could get out of jail on bail if Plaintiff would put up another $75,000 for the bail." (*Id.*)

After Defendants failed to return Plaintiffs' money, Plaintiffs filed the instant lawsuit

alleging fourteen causes of action: (1) Fraud and Deceit by Intentional Misrepresentation (Against Defendant George); (2) Fraud and Deceit by Negligent Misrepresentation (Against Defendants George, Mathias and Dual Dynamics LLC); (3) Fraud and Deceit by Suppression of Facts (Against All Defendants); (4) Constructive Fraud (Against All Defendants); (5) Involuntary and Constructive Trust (Against All Defendants); (6) Unjust Enrichment (Against All Defendants); (7) Money Had and Received (Indebitus Assumpsit) (Against All Defendants); (8) Conversion (Against Defendant George); (9) Accounting (Against All Defendants); (10) Claim and Delivery/Replevin (Against All Defendants); (11) Breach of Oral Contract (Against Defendant George); (12) Breach of Implied Contract (Against All Defendants); (13) Breach of Written Contract (Against Defendants George and Mathias); and (14) Injunctive Relief (Against Defendant George and his agents). (Compl. ¶¶ 53-116.)  In addition, Plaintiffs filed the instant Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction. (ECF Nos. 6, 7.)

In its Motion, Plaintiffs request an injunction "[r]estraining Defendants and any of Defendants' agents, affiliates, attorneys, managers, officers, employees, from any transfer, use, distribution, or other disposition of Plaintiffs Deposited Funds." (Mot. for TRO and Prelim. Inj. 16:4-6, ECF No. 6.)  However, because Plaintiffs failed to carry their burden of establishing a likelihood of success on the merits, the Court subsequently denied Plaintiffs' Motion. (Order, ECF No. 8.)  Thereafter, Plaintiffs filed the instant Motion for Reconsideration providing additional factual basis in support of Plaintiffs' assertion that they were likely to succeed on the underlying merits of this action. (Mot. to Reconsider, ECF No. 10.)

## II.   MOTION TO RECONSIDER

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered

evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cnty v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In this case, Plaintiffs have provided additional evidence that warrant the Court's reconsideration of its earlier Order denying Plaintiffs' Motion for a Temporary Restraining Order.

### III. MOTION FOR TEMPORARY RESTRAINING ORDER

#### A. Legal Standard

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

entitled to such relief." *Id*. at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

**B.  Discussion**

Plaintiffs request a temporary restraining order enjoining Defendants from executing "any unauthorized transfer or other movement of the Deposited Funds by any of the Defendants." (Mot. for TRO 5:7-10, ECF No. 6.)

"[A] preliminary injunction barring asset transfer is available where the suit seeks equitable relief." *Johnson v. Couturier*, 572 F.3d 1067, 1083-84 (9th Cir. 2009) (construing *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 324-25 (1999) and citing *Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077, 1085 (9th Cir. 2004)). Here, in addition to alleging numerous causes of action seeking money damages, Plaintiffs' Complaint also alleges several types of equitable relief, including constructive trust. Accordingly, an injunction barring asset transfer is available. *See Locken v. Locken*, 650 P.2d 803, 804-05 (Nev. 1982) (describing the circumstances under which a constructive trust "will arise and affect property acquisitions" and indicating that Nevada courts acknowledge that a constructive trust, while also a remedy, may be evaluated as an independent cause of action); *see also Hester v. Vision Airlines, Inc.*, No. 2:09-cv-00117-RLH-RJJ, 2010 WL 3724182, at *5 (D. Nev. Sept. 15, 2010) ("[T]he Court does not dispute the Class' claim that a constructive

trust may be an independent cause of action given the proper circumstances."). Therefore, the Court will consider Plaintiffs' request for a temporary restraining order based on the need to preserve the equitable remedies available pursuant to Plaintiffs' causes of action for, among other things, a constructive trust.

### 1. *Likelihood of Success on the Merits*

"A constructive trust is a remedial device by which the holder of legal title to property is held to be a trustee of that property for the benefit of another who in good conscience is entitled to it." *Locken v. Locken*, 650 P.2d 803, 804-805 (Nev. 1982). "A constructive trust will arise and affect property acquisitions under circumstances where: (1) a confidential relationship exists between the parties; (2) retention of legal title by the holder thereof against another would be inequitable; and (3) the existence of such a trust is essential to the effectuation of justice." *Id*. In Nevada, a constructive trust "'redresses unjust enrichment, not wrongdoing,'" and therefore its imposition as a remedy does not require fraud or misconduct, but at least unjust enrichment. *Waldman v. Maini*, 195 P.3d 850, 857 (Nev. 2008) (quoting *Bemis v. Estate of Bemis*, 967 P.2d 437, 441 (Nev. 1998)).

Here, Plaintiffs allege that, Defendants perpetrated a scheme in which they allegedly defrauded Plaintiffs out of $860,000.00, and that Defendants now refuse to return that money. (Mot. for TRO 5:3-6, ECF No. 6.) In their Motion for Reconsideration, Plaintiffs also allege that they had a confidential relationship with the Defendants based on the correspondences and contracts between the parties. (Mot. for Reconsideration 18:1-5, ECF No. 10.) Specifically, Plaintiffs allege that the Plaintiff Eric Roul "placed his confidence and trust in [Defendant] George in the amount of nearly $1 million." (*Id.*) In Plaintiffs' Motion to Reconsider, Plaintiffs further assert, and the Court agrees, that if Plaintiffs allegations relating to fraud and unjust enrichment are determined to be true, then Defendants' retention of legal title to these funds would be inequitable and a constructive trust would be "essential to the effectuation of justice."

(Mot. for Reconsideration 18:6-11.)

Given the additional factual support in Plaintiffs' Motion for Reconsideration, the Court now finds that Plaintiffs have carried their burden of establishing that they will likely succeed on the merits of their Constructive Trust Cause of Action.

### 2. *Likelihood of Irreparable Harm Absent the Relief Sought*

To carry their burden, Plaintiffs must also establish that they will likely suffer irreparable harm without the issuance of injunctive relief. *Winter*, 555 U.S. at 21. To carry this burden, Plaintiffs must "demonstrate a likelihood of irreparable injury—not just a possibility—in order to obtain preliminary relief." *Id.* At bottom, Plaintiff must show that "remedies available at law, such as monetary damages, are inadequate to compensate for th[e] injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Typically, monetary harm alone will not support injunctive relief. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1057 (9th Cir. 2009); *see also Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009) *vacated on other grounds*, 132 S. Ct. 1204 (2012) ("Economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award."). For this reason, where, as here, a party is seeking an asset freeze, that party must carry the additional burden of showing "a likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009).

Here, given the additional facts in Plaintiffs' Motion for Reconsideration, the Court finds that Plaintiffs have carried this burden. Specifically, Plaintiffs assert that Defendant George has attempted to extort additional sums of money from Plaintiff Roul in exchange for guaranteeing the security of Plaintiff Roul's initial investments. (Mot. for Reconsideration 9:15-10:7, ECF No. 10 (quoting Defendant George as stating that Plaintiff Roul needed to provide money to secure Defendant George's release from custody or face "risking a million

dollars").) Accordingly, the Court concludes that Plaintiffs have carried their burden of establishing that Defendants will likely dissipate the Deposited Funds. Therefore, Plaintiffs have now demonstrated that they will likely be irreparably harmed without the requested temporary restraining order.

### 3. *Balance of Equities*

In their Complaint and Motion for Reconsideration, Plaintiffs have provided a substantial amount of allegations of serious fraudulent activity amounting to an alleged misappropriation of nearly $1 million. Therefore, the Court finds that the balance of equities favors the entry of a temporary restraining order enjoining all Defendants from distributing or transferring the Deposited Funds.

### 4. *The Public Interest*

"The public interest analysis for the issuance of [injunctive relief] requires [district courts] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1138 (9th Cir. 2011) (citation omitted). In this case, the Court finds no reason that the public interest would be harmed by the issuance of the requested temporary restraining order. Accordingly, the lack of harm to the public interest also supports Plaintiffs' requested relief.

## IV.   BOND

Rule 65(c) of the Federal Rules of Civil Procedure requires that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully . . . restrained." Fed. R. Civ. P. 65(c). Thus, the primary purpose of such a bond is to safeguard Defendants from costs and damages incurred as a result of a preliminary injunction improvidently issued.

Here, Plaintiffs provide statements from Defendant George that the Deposited Funds are

"still secure and ha[ve] not been spent, used or transferred to other persons." (Mot. for Reconsideration 10:6-7.) Because the Court is merely ordering Defendants to continue to refrain from spending, using or transferring the Deposited Funds, the Court finds that only a nominal bond is necessary in this case. Therefore, this Order shall go into effect upon Plaintiffs' posting of a bond in the amount of $100.00.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (ECF No. 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that **all Defendants** are enjoined from spending, transferring, or otherwise dissipating or disposing of the $860,000.00 deposited with Defendants by Plaintiffs.

**IT IS FURTHER ORDERED** that this Order shall go into effect upon Plaintiffs' posting of a bond in the amount of **ONE HUNDRED ($100.00) DOLLARS** and will expire in accordance with Rule 65(b) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that a hearing on Plaintiff's Motion for Preliminary Injunction (ECF No. 7) is set for **Wednesday, November 6, 2013, at 8:30 a.m., in Courtroom 7D** of the Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard, So., Las Vegas, Nevada 89101.

**IT IS FURTHER ORDERED** that **Plaintiffs shall serve a copy** of their Motion for Preliminary Injunction (ECF No. 7), their Motion for Reconsideration (ECF No. 10) and this Order **on all Defendants by October 30, 2013**. Defendants shall file and serve a Response to Plaintiffs' Motion for Preliminary Injunction, if any, **no later than 5:00 p.m. on Monday, November 4, 2013**. Plaintiffs shall file and serve their Reply Brief, if any, **no later than 3:00 p.m. on Tuesday, November 5, 2013**.

**DATED** this 25th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge