# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ERIC ROUL, individually and as Trustee of the ERIC ROUL TRUST,

        Plaintiff,

vs.

GEORGE C. GEORGE, *et al.*,

        Defendants.

Case No. 2:13-cv-01686-GMN-CWH

**FINDINGS AND RECOMMENDATION**

This matter is before the Court on Plaintiff Eric Roul's, individually and as trustee of the Eric Roul Trust, ("Plaintiff") Motion for Default Judgment (#45), filed on December 20, 2013. The Court also considered Defendants Michael Mathias and Dual Dynamics, LLC's Limited Opposition (#46), filed on January 3, 2014. No response was filed by Defendant George C. George ("George"). The Court additionally considered Plaintiff's Reply (#47), filed on January 13, 2014. The Court conducted a hearing on this matter on January 30, 2014 in which George failed to appear.

## **BACKGROUND**

Plaintiff commenced this action on September 13, 2013 alleging 14 claims for relief based primarily on fraud and seeking damages plus interest, among other relief. *See* Compl. # 1. On October 23, 2013, Plaintiff filed an affidavit of service indicating that George was served in accordance with the requirements of Federal Rule of Civil Procedure 4 on October 15, 2013. *See* Summons Returned Executed #13. On November 8, 2013, Plaintiff notified the Court that he served George with a 3 day notice of intent to take default. *See* Decl. of Service #32. Plaintiff filed a Motion for Entry of Clerk's Default on November 13, 2013 (#33), which was granted on November 14, 2013. *See* Clerk's Entry of Default #34. On December 4, 2013, Plaintiff filed notice of entry of default on George. (#40). On December 10, 2013, Plaintiff notified the Court that he

served George with notice of the entry of default.  *See* Decl. of Service #43.  On December 20, 2013, Plaintiff filed a Motion for Default Judgment requesting $3,440,000.00 plus pre-judgment interest and post-judgment interest accruing until the judgment is paid.  *See* Pla.'s Mot. #45.  Defendants Michael Mathias and Dual Dynamics, LLC oppose the default judgment only to the extent that it should not be used to establish elements of claims against them or be deemed admissions by them.  *See* Defs' Resp. #46.  Plaintiff concedes that the default judgment may not establish facts against Defendants Michael Mathias and Dual Dynamics, LLC, but contend that it should not prevent him from further factual development or amendment of the pleadings.  *See* Pla.'s Resply #47.

The Complaint alleges that Plaintiff met George in March of 2013.  *See* Compl. #1, ¶ 11.  George claimed to be a sophisticated real estate investor with extensive experience and knowledge that enabled him to turn large profits.  *See* Compl. #1, ¶¶ 11 and 13.  George made multiple false representations in order to encourage Plaintiff to make a number of purported "investments" with George.  Compl. #1, ¶¶ 11-14, 18, 23–25, 31–33, 35, 36, and 41–44.  Over the course of several months, George obtained a total of $860,000 from Plaintiff through these fraudulent claims.  *Id.*  George maintained that these funds would be used as capital for various real estate programs and also to fund the purchase of a casino property in Las Vegas.  *Id.*  In all cases, these claims by George were false.  *See* Compl. #1, ¶ 54. George was aware they were false and George made these claims with the intention of wrongfully obtaining funds from Plaintiff.  *See* Compl. #1, ¶¶ 55–56.  Plaintiff justifiably relied on George's misrepresentations and was damaged in the amount $860,000.00.  *See* Compl. #1, ¶¶ 57-58.

Upon returning from a vacation in July 2013, Plaintiff learned that George was in jail.  George began requesting that Plaintiff provide George with additional funds to allow him to make bail.  *See* Compl. #1, ¶ 51.  During the course of these conversations, George acknowledged receiving the $860,000.00 from Plaintiff and agreed to return it.  *See* Supp. Decl. of Eric Roul #10-3, ¶ 3.  During these conversations, George sought to further defraud Plaintiff by promising that Plaintiff's money would "double and more" and indicating that he could not return Plaintiff's money until he got out of jail on bail.  George requested Plaintiff to contribute $75,000 towards

1  George's bail. *See* Decl. of Eric Roul #5-1, ¶ 39 at lns. 22-23 and ¶ 41 at lns. 22-23.  Plaintiff was
2  not willing to send additional funds to George and initiated this action to recover the property
3  wrongfully obtained by Defendants.  George's false representations were made with oppression,
4  fraud, and malice.  *See* Compl. #1, ¶ 59.)  At all relevant times, from March 2013 through August
5  2013, Plaintiff was the rightful owner and was entitled to possession of the deposited funds.  *See*
6  Compl. #1, ¶ 93.  Plaintiff demanded the return of the deposited funds, but George has refused,
7  thereby denying and depriving Plaintiff of the use of the deposited funds.  *See* Compl. #1, ¶¶ 95-96.
8  George's deprivation of Plaintiff's use of the deposited funds was oppressive, fraudulent, and
9  malicious.  *See* Compl. #1, ¶¶ 98.

**DISCUSSION**

**I.    Default Judgment Standard**

Federal Rule of Civil Procedure 55 governs default judgment.  Rule 55 provides, in relevant part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint.  *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied.").  "However, a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'"  *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought.  *See* 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

Ultimately, "[i]f the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be

3

1  awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citation omitted).  A court has wide latitude and discretion in determining the amount of damages to award upon default judgment.  *Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 394 (C.D. Cal. 2005) (citation omitted).  The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages.  *Pope v. U.S.*, 323 U.S. 1, 12 (1944).  While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum.  *See* Fed. R. Civ. P. 55(b).  The choice as to whether a default judgment should be entered is within the discretion of the court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

### A. Discretionary Factors Analysis

Default alone does not entitle a plaintiff to court-ordered judgment.  *Id*.  Instead, courts look at seven discretionary factors before rendering a decision on default judgment.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Id*.

Here, each of the factors set forth in *Eitel* favor entry of default judgment against George. 782 F.2d at 1471-72.  The first factor, prejudice to Plaintiff, weighs in favor of the Court granting Plaintiff's motion for a default judgment.  Plaintiff is without the use of $860,000 and George is currently incarcerated.  Accordingly, the likelihood of collecting the judgment diminishes with the passage of time.  The second and third factors also weigh in favor of the Court granting default judgment against George.  The merits of Plaintiff's claims and the sufficiency of the Complaint, which will be discussed subsequently, support entry of default judgment against George.

The Court also considered the fourth factor of the sum of money at stake, which totals $860,000, not including interest and punitive damages.  This is a considerable amount of money and Plaintiff would be prejudiced by being denied the opportunity to recover it.  The fifth factor,

possible disputed facts, favors default judgment because George admitted that he obtained and kept the deposited funds. There is also no evidence in the record supporting a claim that any of Plaintiff's funds were actually used to fund investments or that George's various "investment programs" actually existed. *See* Compl. #1. The sixth factor, whether the default was due to excusable neglect favors entry of a default judgment because George failed to file an answer or otherwise raise any defense in this litigation. Moreover, George was provided with notice of Plaintiff's intent to pursue default. *See* Pla.'s Mot. #45, Exh. 1. The final factor is the policy favoring decisions on the merits. Under the circumstances, a decision on the merits would likely result in a judgment against George. Therefore, having given careful consideration to all seven *Eitel* factors, the Court finds that entering default judgment against George is warranted.

## II.   Damages

### A.   Election of Remedies

As provided in Rule 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, Plaintiff's complaint against George raises tort and contract claims. Rule 8 states, in pertinent part, "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). To the extent that claims alternatively pled give rise to the same damages, plaintiffs may only make a single recovery, with the court having the ultimate authority to elect between the alternative theories. *See Avery, et al., v. Barsky*, 2013 WL 1663612, *6 (D. Nev. Apr. 17, 2013); *see also Am. Gen. Life Ins. Co. v. Munshi*, 2012 WL 5267697, *6 (C.D. Cal. Oct. 24, 2012) ("the election-of-remedies doctrine is designed to prevent double recovery for a single injury, but it does not prevent a party from pursuing multiple claims against multiple parties until full satisfaction is had."). Accordingly, the election of remedies doctrine prevents a plaintiff from collecting both contract damages and tort damages from a defendant for the same harm. *See* 5 Witkin, Summary of California Law, Torts § 829 (10th ed. 2005).

The Court notes that Plaintiff's Complaint pleads both tort and contract theories against George as permitted by Rule 8. Specifically, three claims for relief against George are at issue: first

claim for the tort of fraud, eighth claim for the tort of conversion, and eleventh claim for breach of contract.[1] The Court will exercise its discretion to find that Plaintiff may recover damages for the tort claims in the first and eighth causes of action rather than the contract claim in the eleventh cause of action. The Court considered the fact that Plaintiff prefers to have a judgment entered on the tort claims instead of the contract claim. Plaintiff argues that he is entitled to a broader scope of damages, in particular punitive damages, under the tort theories of recovery. Also, Plaintiff argues that a judgment for fraud and conversion would prevent George from using bankruptcy laws to escape responsibility for paying the judgment. Therefore, the Court finds that Plaintiff may obtain a default judgment on the tort claims.

### B.    First Cause of Action: Fraud and Deceit by Intentional Misrepresentation

Under Nevada law, a claim for fraud requires proof of: (1) a false representation by defendant, (2) defendant's knowledge of the falsity of his representations; (3) defendant's intent to induce plaintiff to act or refrain from acting upon the misrepresentation; (4) plaintiff's justifiable reliance on the misrepresentation; and (5) proof that plaintiff sustained damages as a result. *See Barmettler v. Reno Air*, 114 Nev. 441 (1998); *see also J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277 (2004); *Anahuac Management v. Mazer*, 2013 WL 211080, *8 (D. Nev. Jan. 18, 2013). The burden of proof for a fraud claim is clear and convincing evidence. *See Nevada Power Co. v. Monsanto Co.*, 891 F.Supp. 1406, 1414 (D. Nev. 1995); *see also Havas v. Alger*, 85 Nev. 627 (1969) (noting that fraud is never presumed, but must be clearly and satisfactorily proved).

In this case, the Complaint (#1) and Declarations of Roul (#5-1 and #10-3), establish each of the elements of fraud. First, George made multiple false representations. Second, George knew the representations were false. Third, George made the false representations intending for Plaintiff to act, by providing the deposited funds to George. Fourth, Plaintiff justifiably relied on George's

---

[1] Plaintiff states additional claims for relief against George in the Complaint (#1) including: 2-7, and 9-14. The Court takes no position as to those additional claims as Plaintiff seeks default judgment on the first and eighth claims and indicates that he will dismiss the remainder of the claims against George with prejudice. *See* Pla.'s Mot. #45, 18.

6

representations. Fifth, Plaintiff has been damaged as a result by suffering the loss of the deposited funds. Here, where George is in default, the facts are uncontested and presumed to be true. *See Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). In reviewing each of the elements underlying the fraud claim, the Court finds that Plaintiff has demonstrated all of the elements by clear and convincing evidence.

George made multiple false representations. George misrepresented his own personal economic status, his experience in real estate investing and the existence of multiple purported "investment opportunities" for Plaintiff. *See* Pla.'s Mot. #45, Exh. 3, ¶¶ 2-12. Most significantly, on multiple occasions George represented to Plaintiff that if Plaintiff provided George with funds, that George would invest those funds for Plaintiff and pay significant returns. *See* Pla.'s Mot. #45, Exh. 3, ¶¶ 2-12, 13-19, 20-23, 24-28, 29-33. Further, George promised to return Plaintiffs funds, but has not. *See* Pla.'s Mot. #45, Exh. 4, ¶¶ 4-5.

The elements of George's knowledge and intent are supported by the repeated nature of his false claims as well as by the fact that the purported "investment programs" never existed. George found Plaintiff to be a lucrative victim of his schemes and he aggressively pursued larger and larger amounts of money from Plaintiff. This is unlike the scenario where someone solicits funds for an actual investment that the investor later claims is fraudulent. A situation such as that could potentially be explained by misunderstanding. In contrast, George solicited Plaintiff on several occasions, for increasing amounts of money and for purported "investments" which never actually existed. Moreover, when Plaintiff demanded return of the deposited funds, George never asserted that there was a legitimate investment. These facts demonstrate, by clear and convincing evidence, that George had knowledge of the falsity of his representations and intentionally obtained the deposited funds with the intent to deprive Plaintiff of the money by deceit.

The record also demonstrates that Plaintiff justifiably relied on George's representations. George made multiple representations regarding his supposed personal wealth and his real estate investment experience. *See* Pla.'s Mot. #45, Exh. 3, ¶ 5. A good friend of Plaintiff's vouched for George and told Plaintiff that she was making a lot of money investing with George. *See* Pla.'s Mot. #45, Exh. 3, ¶ 3. Furthermore, George produced purported contracts which appeared to

1  legitimize the "investment programs." *See* Pla.'s Mot. #45, Exh. 3, ¶ 6. As for damages, George
2  obtained a total of $860,000 from Plaintiff. *See* Pla.'s Mot. #45, Exh. 3, ¶ 37. This fact is
3  uncontested. Accordingly, there is evidence in the record before the Court to support a default
4  judgment for fraud in Plaintiffs' favor with special damages in the amount of $860,000.

### C. Eighth Cause of Action: Conversion

Under Nevada law, a claim for conversion requires proof: (1) that the defendant committed a distinct act of dominion wrongfully asserted over the plaintiff's property; (2) that defendant's act was in denial of or inconsistent with the plaintiff's rights; and (3) to the exclusion of plaintiff's rights. *See Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598 (2000); *see also Edwards v. Emperor's Garden Rest.*, 122 Nev. 317 (2006). Liability for conversion is predicated on general intent, which does not require ill intent and is not excused by care, good faith, or lack of knowledge. *Winchell v. Schiff*, 124 Nev. 938 (2008). A conversion claim must be proven by a preponderance of evidence. *See Anahuac*, 2013 WL 211080. When a person requests the return of allegedly converted property and is refused, then the demand and refusal is "always evidence of a conversion. If the refusal is in disregard of the plaintiff's title, and for the purpose of claiming the goods either for the defendant or a third person, it is a conversion." *Robinson Mining Co. v. Riepe*, 40 Nev. 121 (1916) (quotation omitted). The measure of damages is the value of the converted property. *Winchell*, 124 Nev. 938.

The Complaint (#1) sets forth the elements necessary to establish the conversion claim; it is uncontested that all the deposited funds belonged to Plaintiff. *See* Pla.'s Mot. #45, Exh. 2 ¶ 93. Further, George promised to return all of the deposited funds upon Plaintiff's request. *See* Pla.'s Mot. #45, Exh. 2 ¶ 95; *see also* Pla.'s Mot. #45, Exh. 3 ¶ 39. Also, Plaintiff demanded the return of the deposited funds. *Id.* George refused to return the deposited funds. *See* Pla.'s Mot. #45, Exh. 2 ¶ 95; *see also See* Pla.'s Mot. #45, Exh. 3 ¶¶ 39, 41. Therefore, it is undisputed that George has converted the deposited funds. *See Stewart Title of Nev. v. Haenisch*, 2006 WL 3717419, *9 (D. Nev. Dec. 14, 2006). The amount of the converted deposited funds is $860,000.00. *See* Pla.'s Mot. #45, Exh. 2 ¶ 49. Accordingly, there is evidence in the record to support a default judgment for Plaintiff on the conversion claim with special damages in the amount of $860,000.

**D.     Punitive Damages**

Punitive damages may be awarded in certain cases under Nevada law. NRS 42.005 states:

> [I]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, *in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant.* Except as otherwise provided in this section or by specific statute, an award of exemplary or punitive damages made pursuant to this section may not exceed: (a) Three times the amount of compensatory damages awarded to the plaintiff if the amount of compensatory damages is $100,000 or more.

NRS 42.005(1) (emphasis added). Accordingly, fraud and conversion claims can support an award of punitive damages, and may be included in a default judgment, when Plaintiff proves fraud or malice by clear and convincing evidence. *See Kim, et al., v. Kearney*, 2012 WL 1963612 (D. Nev. May 30, 2012) (finding no punitive damages in default judgment due to failure to prove fraud by clear and convincing evidence); *see also Evans*, 116 Nev. at 612 (fraud and conversion claims may support a punitive damages award). Fraud is defined as "an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his or her rights or property or to otherwise injure another person." NRS 42.001(2). Malice, express or implied, means "conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." NRS 42.001(3).

Plaintiff has demonstrated that George's conduct in retaining the $860,000 was done intentionally to deprive Plaintiff of his property and to injure Plaintiff with conscious disregard of Plaintiff's rights. Therefore, the Court finds that Plaintiff has established fraud and malice by clear and convincing evidence to warrant punitive damages. Further, an award limited to compensatory damages would not fully compensate Plaintiff due to the extensive additional costs and intangible damage incurred by Plaintiff. Also, the nature of George's conduct demonstrates that George requires deterrence. A strong punitive damage award against George would support that deterrence interest. *See* Pla.'s Mot. #45, Exh. 3 and Exh. 4. Therefore, the Court will recommend that punitive damages be awarded to the fullest extent allowed by law - three times the amount of compensatory damages for fraud in the amount of $860,000 - totaling $2,580,000.00.

### E. Interest on Judgment

Nevada law controls the accrual of interest on judgments. Specifically, NRS 17.130(2) states:

> When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied, except for any amount representing future damages, which draws interest only from the time of the entry of the judgment until satisfied, at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment, plus 2 percent. The rate must be adjusted accordingly on each January 1 and July 1 thereafter until the judgment is satisfied.

As of July 1, 2013, the Nevada Commissioner of Financial Institutions established the prime interest rate in Nevada at 3.25%.[2] Pursuant to NRS 17.130(2), interest is computed from October 15, 2013, the date of service of the summons and complaint, at 5.25% interest as established by NRS 99.040(1)(c), which is the 3.25% prime rate established by the Nevada Financial Institutions Division, plus 2%. Applying those figures to a principal judgment amount of $860,000 yields an annual interest of $45,150 and a daily accrual of $123.70. The Complaint (#1) and Summons (#4) were served on George on October 15, 2013. *See* Summons Returned Executed (#13). Fifty seven days have elapsed between service and filing of the present Motion for Default Judgment (#45) on December 20, 2013, for a total of $7,050.90 in prejudgment interest. In addition, the judgment will continue to accrue interest at the rate of $123.70 per day until satisfied. *See* NRS 17.130(2).

## III. Finality of Judgment

As this case involves multiple claims and multiple parties, the court must consider Rule 54(b) which provides, in pertinent part:

> [W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The court should not enter a default judgment against one or more defendants which is, or likely to be, inconsistent with judgment on the merits in favor of the remaining answering defendants. *See Frow v. De La Vega*, 82 U.S. 552 (1872). In the context of

---

[2] See http://www.fid.state.nv.us/Prime/PrimeInterestRate.pdf.

10

entering a default judgment against some but not all defendants, the "just reason for delay" determination must consider whether entry of default judgment against only some defendants could lead to logically inconsistent results. Fed. R. Civ. P. 54(b); *see In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). Where claims against a defaulting defendant and a non-defaulting defendant are distinct and easily separated, there is less chance of inconsistent results if default judgment is entered against the defaulting party and the case proceeds against the non-defaulting party. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005-10 (N.D. Cal. 2001). However, where the defendants are similarly situated, such that they would share or have similar defenses, entering default judgment early could lead to logically inconsistent results if the non-defaulting defendant ultimately proves the plaintiff's claims are invalid. *See In re First T.D. & Inv., Inc.*, 253 F.3d at 532. Consequently, where non-defaulting and defaulting parties are similarly situated, "the preferred practice is for the court to withhold granting default judgment until the action is resolved on the merits against non-defaulting defendants: if plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F.Supp.2d 842, 849 (D. N.J. 2008); *see also Frow,* 82 U.S. at 554.

      In this case, there is no "just reason for delay" of entry of judgment against George. Fed. R. Civ. P. 54(b). The liability of the appearing Defendants Michael Mathias and Dual Dynamics, LLC, is not based on George's liability. The claims on which Plaintiff seeks judgment against George are stated solely against George. Specifically, the first claim for relief is for "Fraud and Deceit by Intentional Misrepresentation (Against Defendant George)" and the eighth claim for relief is "Conversion (Against Defendant George)." Compl. #1. Plaintiff indicates that, with the entry of default judgment, Plaintiff will dismiss the remaining counts against George. Defendants Michael Mathias and Dual Dynamics, LLC had no opposition to the entry of default judgment against George, provided that nothing in Plaintiff's motion is construed against them. *See* Defs' Limited Opp. #46. Plaintiff agrees that the default should not operate to establish facts against Defendants Michael Mathias and Dual Dynamics, LLC. *See* Reply #47. Thus, it is unlikely that the entry of judgment against George now would be inconsistent with a subsequent finding that

Defendants Michael Mathias and Dual Dynamics were either not liable to Plaintiff or liable on different theories or in lesser amounts.

The Court has also considered whether to exercise its discretion under Rule 54(b) to certify such judgment as final. The Court finds that there is no "just reason" for delaying a final judgment against George. Fed. R. Civ. P. 54(b). Plaintiff has established the claims against George on the causes of action for fraud and for conversion. Plaintiff pled several alternative claims that do not give rise to additional damages. As a result, Plaintiff indicated he would like to take a judgment on the fraud and conversion claims and will dismiss the remaining claims against George. Accordingly, this default judgment will be a final judgment as to George.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Default Judgment (#45) against Defendant George C. George be **granted**.

**IT IS FURTHER RECOMMENDED** that default judgment should be entered in favor of Plaintiff and against Defendant George C. George in the amount of $3,440,000.00, plus pre-judgment interest and with post-judgment interest accruing until the judgment is paid as indicated above.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 10th day of March, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**